s
# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JAY HANNAH,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0557** (BOR Appeal No. 2053914)
            (Claim No. 2018014744)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay Hannah, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Parcel Service, Inc., by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is additional compensable conditions. The claims administrator held the claim compensable for right hip bursitis but denied the addition of low back pain, right hip pain, right buttock pain, sacroiliac joint pain, and incomplete lesion of the thoracic spinal cord to the claim on November 8, 2018. The Office of Judges affirmed the decision in its January 29, 2019, Order. The Order was affirmed by the Board of Review on May 17, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Jay Hannah, a UPS driver, injured his buttocks and hip sitting on an insufficiently padded seat while delivering packages. Inspection reports indicate Mr. Hannah reported on December 4, 2017, that the truck seat needed replaced because the cushioning had worn out of it. In a second report, he again stated that the seat needed replaced. The mechanic wrote that the truck was okay to drive. Mr. Hannah submitted an Attending Physician's Report on December 14, 2017, stating that he could return to work with restrictions on December 21, 2017. The diagnosis was listed as ischial tuberitis/bursitis.

1

In a February 27, 2018, record review, Prasadarao Mukkamala, M.D., opined that there was no credible, objective medical evidence that Mr. Hannah sustained an injury on or around December 13, 2017. Dr. Mukkamala further opined that the diagnosis by MedExpress was unsupported. He stated that Mr. Hannah reported nonspecific complaints of pain and that there was no credible evidence he sustained an injury.

David Soulsby, M.D., performed a record review on February 27, 2018, in which he stated that ischial bursitis is caused by excessive or inappropriate physical exercise or prolonged sitting. The condition is rare and causes pain in the buttock and usually a soft tissue mass. Dr. Soulsby opined that there was no justification for a diagnosis of sciatica in this case. He also opined that Mr. Hannah did not suffer from ischial bursitis since there was no soft tissue mass present in the buttocks. Dr. Soulsby stated that, at most, Mr. Hannah could have suffered tenderness or a contusion to the buttocks. However, he opined that the condition would not require medical intervention. He concluded that the medical records failed to support an injury related to Mr. Hannah's work that would be severe enough to warrant medical attention.

Mr. Hannah testified in a March 9, 2018, hearing before the Office of Judges that he had no preexisting problems with either his buttocks or low back. He stated that his seat was not replaced until December 13, 2017, after he was no longer able to work due to his injury. He asserted that the new seat is twice the size of the old one. Mr. Hannah testified that he reported that he needed a new seat twice and then told human resources about the problem. He stated that when he was driving, his buttocks would hit the bottom of the seat, which caused pain in his buttocks and sciatic nerve.

In a March 28, 2018, treatment note, Dr. Hanna diagnosed right buttock pain, right ischial bursitis, sacroilitis, and myofascial muscle pain. He opined that the conditions were the result of Mr. Hannah's work-related injury. On April 2, 2018, the Office of Judges reversed a claims administrator's decision and held the claim compensable for contusion of buttocks. On July 13, 2018, Steven Eddy, D.C., diagnosed lumbar ligament sprain, sacroiliac joint sprain, and sciatica.

Dr. Soulsby performed a second record review on July 13, 2018, in which he diagnosed right sided lower back pain, sacroilitis, and buttock contusion. He opined that there was no credible evidence that an injury occurred on or around December 13, 2017. Dr. Soulsby stated that it was possible that if a person drove a truck for several weeks on an unpadded seat that he would develop a buttock contusion. However, such circumstances would cause no more than a bruise, which would resolve in a few weeks. Dr. Soulsby found no documentation of an actual buttock contusion in the record. Dr. Soulsby stated that most reports indicate a diagnosis of sacroiliac joint pain. Since a sacroiliac joint injection gave 80% relief, it was persuasive evidence that sacroilitis is the correct diagnosis for Mr. Hannah's symptoms. Dr. Soulsby therefore concluded that he had no buttock injury and was instead experiencing lower back and sacroilitis pain. Dr. Soulsby found that Mr. Hannah developed lower back pain and sacroilitis unrelated to his work. Sacroilitis is commonly associated with arthritis. He determined that chiropractic treatment, physical therapy, and injections are not necessary for the compensable condition of buttock contusion.

In a July 16, 2018, supplemental report, Dr. Mukkamala noted that Mr. Hannah did not appear for his scheduled evaluation. Dr. Mukkamala opined that it was highly questionable that he sustained an injury on or around December 13, 2017. He stated that if Mr. Hannah did sustain an injury, buttock contusion would be an appropriate diagnosis. He found no evidence that he developed ischial bursitis, sacroilitis, or myofascial pain as a result of his compensable injury. He also found that the December 14, 2017, MedExpress findings failed to support a diagnosis of sacroilitis. Dr. Mukkamala opined that a buttock contusion should resolve in one to two weeks. By the time Mr. Hannah started missing work in January of 2018, his compensable injury would have been healed. Dr. Mukkamala opined that Mr. Hannah required no further treatment and was not temporarily and totally disabled. He could return to full duty work.

In a July 16, 2018, affidavit, Charles Kuhl, stated that he performed surveillance of Mr. Hannah on July 12, 2018. He observed Mr. Hannah driving a truck and walking rapidly with no visible signs of pain. Mr. Kuhl stated that Mr. Hannah drove eighty-three miles, without stopping, to a casino and walked quickly inside with no signs of pain after exiting the vehicle.

In a July 17, 2018, hearing before the Office of Judges, Mr. Hannah testified that the seat in his work truck had no padding. He stated that he purchased rental property on December 7, 2017, and rents them out via his own company. Mr. Hannah testified that the rentals require no work. Mr. Hannah stated that he worked modified duty until December 28, 2017. He then returned to work after his sacroiliac injection and worked for two to three weeks. He was then placed on modified duty by his physician, but his employer refused modified duty as the claim was not compensable at that time. Mr. Hannah admitted that he fixed a few things in his rental properties such as sinks and toilets and also golfed while he was off of work. He stated that he missed an independent medical evaluation with Dr. Mukkamala because he was notified two days prior and already had plans for that day.

On July 20, 2018, the Board of Review affirmed and modified an April 2, 2018, Office of Judges' Order to reflect that the claim was compensable for bursitis of the right hip. The Board noted that the current evidence was insufficient to establish the diagnosis of lumbago with sciatica. On August 17, 2018, the Office of Judges affirmed the claims administrator's decision closing the claim for temporary total disability benefits.

Dr. Hanna completed a diagnosis update on August 21, 2018, listing the diagnoses as low back pain, right hip pain, right buttock pain, sacroiliac joint pain, and thoracic spinal cord lesion. On August 23, 2018, Patrick Huck, P.A., wrote a letter indicating that Mr. Hannah was seen from January of 2018 to the present for ischial bursitis and right sacroiliac pain.

The claims administrator held the claim compensable for bursitis of the right hip and denied the addition of low back pain, right hip pain, right buttock pain, sacroiliac joint pain, and unspecified thoracic spine lesion to the claim on November 8, 2018. On December 4, 2018, this Court affirmed a Board of Review decision which affirmed an Office of Judges Order denying the addition of chronic pain syndrome, myalgia, cervicalgia, and low back pain to the claim.

In its January 29, 2019, Order, the Office of Judges affirmed the claims administrator's decision holding the claim compensable for right hip bursitis and denying the addition of low back pain, right hip pain, right buttock pain, sacroiliac joint pain, and unspecified thoracic spine lesion to the claim. Regarding low back pain, the Office of Judges found that the only physician of record to diagnose the condition was Dr. Hanna, who listed the diagnoses in his March 28, 2018, and August 21, 2018, reports. The Office of Judges further noted that the requested diagnosis is a symptom rather than a medical condition appropriate for compensability. The Office of Judges used the same reasoning to determine that right hip pain should not be added to the claim. The claim is already compensable for right hip bursitis, which would include pain associated with the condition. Regarding right buttock pain, the Office of Judges found that the issue was previously litigated before the Office of Judges on August 17, 2018. In that decision the Office of Judges found that the condition is a symptom, not a diagnosis and was therefore not a compensable condition. That decision was affirmed by the Board of Review. The Office of Judges in the instant case found that the request was duplicative and denied compensability of the condition. Regarding sacroiliac joint pain, the Office of Judges determined that it had previously determined in its August 17, 2018, Order that sacroilitis should not be added to the claim. Therefore, the Office of Judges concluded in the instant case that pain associated with the condition should not be held compensable. It also noted that the diagnosis is a symptom rather than a condition. Finally, in regard to unspecified thoracic spine lesion, the Office of Judges concluded that there are no clinical records or objective evidence relating the condition to the compensable injury, and Dr. Hanna failed to discuss a causal connection. The Office of Judges found that the diagnosis appeared "out of the blue" and is not related to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 17, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. All of the diagnoses on appeal, aside from thoracic spine lesion, are symptoms, not diagnoses, and therefore cannot be held compensable. *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 at \*3 (W. Va. April 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim), *Radford v. Panther Creek Mining, LLC,* No. 18-0806, 2019 WL 4415245 at \*3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim as they are symptoms, not diagnoses). Regarding the addition of thoracic spine lesion to the claim, the Office of Judges was correct to find the condition noncompensable. There is no medical evidence of record opining a causal connection between the condition and the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison